**PROGRESSIVE GAMES, INC., Plaintiff,**

v.

**SHUFFLE MASTER, INC.; Nevada Gaming Commission; Nevada State Gaming Control Board, Defendants.**

**No. CV–S–99–0573–PMP(LRL).**

United States District Court,
D. Nevada.

Aug. 4, 1999.

Robert E. Purcell, Jerry T. Kearns, Kirstin L. Stoll–DeBell, Reilly & Purcell, P.C., Denver, CO, Steve Lane, Hale Lane Peek Dennison Howard and Anderson, Las Vegas, NV, for plaintiff.

Edward O'Connor, Cary B. Johnson, Ernest W. Grumbles, Oppenheimer Wolff & Donnelly, LLP, Minneapolis, MN, Donald J. Campbell, J. Colby Williams, Campbell & Williams, Las Vegas, NV, for defendant Shuffle Master, Inc.

Frankie Sue Del Papa, Attorney General, Keith E. Kizer, Derek Harmer, Deputy Attorneys General, Attorney General's Office, Las Vegas, for defendants Nevada Gaming Comm'n, Nevada State Gaming Control Bd.

### ORDER

PRO, District Judge.

Currently before this Court is Defendants Nevada Gaming Commission's and Nevada State Gaming Control Board's Mo-

tion to Dismiss (Doc. # 21) filed on June 4, 1999. Plaintiff Progressive Games, Inc. ("Progressive Games") filed an Opposition (Doc. # 41) on June 17, 1999. The Gaming Commission and the State Gaming Control Board filed a Reply (Doc. # 45) on June 23, 1999. In addition, on June 28, 1999, Progressive Games filed a Notice of Recent Legal Authority (Doc. # 46). This was matched by Supplemental Points and Authorities (Doc. # 47) filed on June 30, 1999, by the Nevada Gaming Commission and the Nevada State Gaming Control Board.

## I.

■ The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This limitation extends not only to suits where states are directly named as parties, but also to those actions involving state arms and instrumentalities. *See Howlett By and Through Howlett v. Rose,* 496 U.S. 356, 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). For purposes of immunity from suit, the Gaming Commission and the Gaming Control Board are treated as agencies or constituent arms of the state of Nevada. *See Romano v. Bible,* 169 F.3d 1182, 1185 (9th Cir.1999); *Productions & Leasing v. Hotel Conquistador, Inc.,* 573 F.Supp. 717, 720 (D.Nev.1982). As such, they may not be sued in federal court without the state sovereign's consent, *see Oregon Short Line R.R. Co. v. Department of Revenue Or.,* 139 F.3d 1259, 1264 (9th Cir.1998), or a valid abrogation of immunity by Congress, *see Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The State of Nevada has explicitly declined to waive its immunity from suit under the Eleventh Amendment. *See*

Nev.Rev.Stat. § 41.031(3). Accordingly, the only issue before this Court is whether the state agencies' immunity from suit has been validly abrogated by Congress.

■ Here, Progressive Games has asserted patent infringement claims against the state agencies under 35 U.S.C. § 271(b). (First Amended Complaint, Doc. # 2, ¶¶ 12, 18, 24, 30, 36). Congress provided for state governmental § 271(b) liability through the passage of the Patent and Plant Variety Protection Remedy Clarification Act, 35 U.S.C. §§ 271(h), 296(a). The U.S. Supreme Court, however, has recently declared these provisions to be unconstitutional. *See College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.,* —— U.S. ——, 119 S.Ct. 2219, 2225–26, 144 L.Ed.2d 605 (1999). The high court found that these revisions to federal patent law cannot constitute a valid federal abrogation of state governmental immunity under § 5 of the Fourteenth Amendment, due to their lack of proportionality to the cited remedial or preventive objective. *See id.* at 2229. Absent any other evidence of waiver or permissible exercise of Congressional power, Progressive Games' claims against the state agencies must fail. This Court is aware that Progressive Games has stated, in its Notice of Recent Legal Authority (Doc. # 46), that "[u]nless the Supreme Court reverses itself on a request for reconsideration, [Progressive Games] intends to file with the Court a motion seeking voluntary dismissal of its patent infringement claims against the Nevada Gaming Commission and the Nevada State Gaming Control Board." (Notice, Doc. # 46, at 2) No such motion, however, has been filed.

IT IS THEREFORE ORDERED that Defendants Nevada Gaming Commission's and Nevada State Gaming Control Board's Motion to Dismiss (Doc. # 21) is GRANTED. All patent law claims asserted by Plaintiff Progressive Games, Inc., against

the Nevada Gaming Commission and the Nevada State Gaming Control Board are DISMISSED with prejudice.